JAN 28 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

I.B.E.W. LOCAL NO. 910 HEALTH AND WELFARE,
ANNUITY and PENSION FUNDS, by John Love, as
Fund Manager,

                           Plaintiffs,

- against -

ERIC D. YOUNG, III,

                           Defendant.

**STIPULATION AND ORDER GRANTING JUDGMENT**

Civil Action No. 06-CV-1114
(NAM/GJD)

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs I.B.E.W. Local 910 Health and Welfare, Annuity and Pension Funds, through their undersigned counsel, and Defendant Eric D. Young, III, through his undersigned counsel, as follows:

### RECITALS

A. Except for Mr. Balanoff who enters his appearance for the limited purpose of assisting Defendant Young with the proposed settlement, the undersigned individuals have full authority required to bind the parties in the above captioned action, as well as the parties' successors, heirs, trustees, administrators, officers, executors, personal representatives, endorses, assigns, subsidiaries, related entities, and affiliates to the terms of this Stipulation and Order Granting Judgment [hereinafter "Order"] and any judgment and/or order resulting from it.

B. The parties stipulate and agree that Doreen Young, Defendant Eric Young's spouse as of October 1, 2007, is not a party to this action. The parties make no stipulation concerning whether she is entitled to benefits from Plaintiffs, or whether such benefits to her, if any, should be subject to offset in accordance with this Stipulation and Order Granting Judgment.

C. On September 18, 2006, Plaintiffs filed a complaint in the instant action against Defendant Young [hereinafter "Complaint"] [Docket No. 1].

D. On October 31, 2006, Defendant Young answered the Complaint objecting to the offset of his pension benefits asserted by Plaintiffs [hereinafter "Answer"] [Docket No. 5].

E. The undersigned parties stipulate and agree to resolve this litigation under the terms outlined below in accordance with applicable law including, but not limited to, the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.].

F. The undersigned parties concede that this Court has subject matter jurisdiction over this action and that, by agreeing to a judgment in this matter, Defendant Young voluntarily consents to this Court exercising jurisdiction over him personally.

G. In addition to other amounts owed based on another judgment, the parties stipulate and agree that Defendant Young owes to Plaintiffs $114,134.62, which includes $60,325.04 in fringe benefit contributions for hours worked by employees of E. D. Young, Inc. during the period February 1, 2004 through May 15, 2006; plus $24,169.96 in interest for this portion of the delinquency as of November 1, 2007; $25,799.30 in liquidated damages for this portion of the delinquency; and $3,395.70 in attorneys' fees and $444.62 in costs related to this portion of the delinquency as of October 1, 2007.

H. The parties stipulate and agree that the terms of the judgment and order, as set forth below, would resolve this civil action and should be entered as the judgment in this civil action by the Court. Upon entry of judgment, the claims set forth in the Complaint shall be resolved. Nothing contained herein constitutes an admission by Defendant Young of any wrongdoing or any improper conduct, and nothing contained herein resolves the allegations in, or serves as an admission related to, any criminal action concerning Defendant Young.

I.  The parties stipulate and agree that Plaintiffs must handle plan assets in accordance with their fiduciary duties [29 U.S.C. §§1104-1108]. Plaintiffs agree that to the extent permitted by applicable law, Plaintiffs shall (i) allocate the amounts received from Defendant Young and other third parties on a *pro rata* basis between Plaintiffs and their affiliates toward satisfying the oldest debt first; and (ii) not divert such amounts to or from the I.B.E.W. Local 910 Pension Fund to increase the amount subject to offset.

DATED: ~~December~~ January 21, 2008

**GREEN & SEIFTER LLC**

By: _____
Michael J. Balanoff, Esq.
Bar Roll No. 101074
Attorney for Defendant
Office & Post Office Address
One Lincoln Center, Suite 900
110 West Fayette Street
Syracuse, New York 13202
Telephone: (315) 422-1391
Facsimile: (315) 422-3549
e-mail: mbalanoff@gslaw.com

DATED: ~~December~~ January 22, 2008

**BLITMAN & KING LLP**

By: _____
Daniel Kornfeld, Esq.
Bar Roll No. 512729
Attorneys for Plaintiffs
Office & Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
e-mail: dekornfeld@bklawyers.com

## PARTICIPANT CONSENT

I have read the foregoing Stipulation and Order Granting Judgment. I voluntarily agree to it, and I understand that this consent is irrevocable. This consent shall be binding upon my children, heirs, successors, administrators, executors and assigns.

_____
Eric D. Young, III

Sworn to before me this
17 day of ~~December 2007~~ January 2008
_____
Notary Public
LOIDA HUGHES
Notary Public, State of New York
County of Jefferson
Registration No. 01HU6151645
Commission Expires Aug. 21, 2010

3

## JUDGMENT AND ORDER

Judgment shall be entered in the above captioned case in favor of Plaintiffs and against Defendant Eric D. Young, III, for the sum of $114,134.62, said Judgment shall bear interest thereon at the rate provided for by 28 U.S.C. §1961(a), and Plaintiffs shall have execution of said Judgment.

Said Judgment shall further reflect that the Trustees of Plaintiff I.B.E.W. Local 910 Pension Fund may offset the pension benefits to which Defendant Eric D. Young, III, is entitled pursuant to ERISA Section 206(d)(4)(A)(ii) [29 U.S.C. §1056(d)(4)(A)(ii)]. Such offset shall be limited to the amounts owing to the Pension Fund. Nothing contained herein shall prevent the Pension Fund from honoring garnishments, assignments, and alienations permitted under applicable law [e.g. 26 C.F.R. §1.401(a)-13; Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 829 (1988); Guidry v. Sheet Metal Workers National Pension Fund, 39 F.3d 1078, 1083 (10th Cir. 1994); AT&T v. Merry, 592 F.2d 118, 120 (2d Cir. 1979)].

SO ORDERED.

DATED: 1-28, 2008

Honorable Norman A. Mordue
United States District Court Judge

(col\\lg\\EDYoung-Stipulated Judgment)